■ CONTELMO'S SAND & GRAVEL, INC., Respondent, v J & J MILANO, INC., et al., Appellants, et al., Defendants. — In an action to foreclose a mechanic's lien, defendants J & J Milano, Inc., James Milano and Jacqueline Milano appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Rosenblatt, J.), dated May 4, 1982, as, upon reargument, adhered to its prior determination dated March 31, 1982, which denied their motion for summary judgment dismissing plaintiff's complaint as against them. Order reversed, insofar as appealed from, with costs, and upon reargument, order dated March 31, 1982 vacated and appellants' motion granted. For the following reasons, we agree with Special Term's implied conclusion that plaintiff's notice of mechanic's lien is jurisdictionally defective and therefore invalid: (1) The lien herein names defendants James Milano and Jacqueline Milano as the owners of the two tracts of land involved. In fact, as the record shows, the first tract is owned by defendant J & J Milano, Inc., while the second is owned by defendant Jacqueline Milano. The lien is therefore invalid as against the first tract, since it fails to name its true owner, J & J Milano, Inc. (See Lien Law, § 9, subd 2; *Cates & Co. v National Fair & Exposition Assn.*, 225 NY 142.) (2) A notice of mechanic's lien must name the property subject thereto, "with a description thereof sufficient for identification". (Lien Law, § 9, subd 7.) Such a description must be sufficiently specific to allow an identification of the premises with reasonable certainty to the exclusion of all other premises. (See *Hudson Demolition Co. v Ismor Realty Corp.*, 62 AD2d 980; *Sprickerhoff v Gordon*, 120 App Div 748.) The notice of lien herein described the property (*two* tracts) as situated "on West side of Wheeler Hill Road, Town of Wappinger, Dutchess County, New York". This is both inaccurate (since both tracts are in fact located *north* of the road) and insufficient (since no geographic co-ordinates are provided). These deficiencies render the lien invalid. (3) It is well settled that a notice of mechanic's lien which purports to burden two or more separately owned tracts, without apportioning the labor performed and materials furnished between the several tracts, is invalid. (*Empire Pile Driving Corp. v Hylan Sanitary Serv.*, 32 AD2d 563; *Matter of Twin County Tr. Mix v Ingula Bldrs. Corp.*, 27 AD2d 939; *Buhler Co. v New York Dock Co.*, 170 App Div 486; *Leske v Wolf*, 154 App Div 233.) This lien, which covers two separately owned tracts, without apportioning the amount claimed between them, is therefore also invalid for this reason. (4) A notice of mechanic's lien is valid for one year, but may be renewed (while still valid) for another year by court order, one year at a time. (See Lien Law, § 17.) The complaint herein alleges that the lien, originally filed on April 12, 1976, was thereafter renewed on March 21, 1977, March 17, 1978, March 17, 1979 and March 24, 1980. However, on March 17, 1980, the lien expired; therefore, on March 24, 1980, when it was allegedly renewed, it was no longer valid, and the purported renewal is thus a nullity. The complaint should be dismissed as against defendant James Milano, for the further reason that he is not the owner of either tract and the complaint fails to allege any contract between him and plaintiff. Ordinarily, a defendant's motion for summary judgment must be denied where it is predicated on a ground not pleaded as a defense in the answer. (See *Rel Commercial Corp. v Rakofsky*, 90 AD2d 541; *Furlo v Cheek*, 20 AD2d 939; *Krohn v Steinlauf*, 11 AD2d 695; *Ziegler v Mancuso &*

*Alessio,* 283 App Div 813.) However, here, where the motion was predicated on the invalidity of plaintiff's mechanic's lien, which was the basis of its action, there was no surprise or prejudice to plaintiff. (See *Herbert F. Darling, Inc. v City of Niagara Falls,* 69 AD2d 989, affd 49 NY2d 855; *Greenspan v Doldorf,* 87 AD2d 884; *Carlson v Travelers Ins. Co.,* 35 AD2d 351.) Special Term erred in denying appellants' motion "because the complaint may have life under contract theory". The Lien Law provides: "§ 54. Judgment in case of failure to establish lien. If the Lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this article, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action." "§ 64. Award of personal judgment by court or referee. A court or referee in any action heretofore or hereafter brought may at any time award a money judgment in favor of any party. This shall not preclude the rendition of other judgments in the action. Any payment made on account of either judgment in favor of a party shall be credited on the other judgment." However, the courts have held that a defendant in an action to foreclose a mechanic's lien may be held liable on a contract theory only where there would otherwise be contractual liability; the mere filing of a mechanic's lien does not of itself create such liability. (*Brigham v Duany,* 241 NY 435; *Mayer v Delson Holding Corp.,* 139 Misc 410, affd 234 App Div 671.) Where there is an express contract, as here, between the general contractor and the subcontractor, the owner of the subject premises may not be held directly liable to the subcontractor on a theory of implied or quasi-contract, unless he has in fact assented to such an obligation; the mere fact that he has consented to the improvements provided by the subcontractor and accepted their benefit does not render him liable to the subcontractor, whose sole remedy lies against the general contractor. (See *Schuler-Haas Elec. Corp. v Wagner Constr. Corp.,* 57 AD2d 707; *Pellegrino v Almasian,* 10 AD2d 507; cf. *La Rose v Backer,* 11 AD2d 314, mod on other grounds 11 AD2d 969, affd 11 NY2d 760; *Matter of Loomis,* 273 NY 76; *Miller v Schloss,* 218 NY 400.) Here, while there is privity of contract between Castel, the general contractor, and Jabre, the purported owner, on the one hand, and Castel and plaintiff, the subcontractor, on the other hand, there is no allegation of contractual relationship between plaintiff and defendants J & J Milano, Inc., and Jacqueline Milano, the actual owners. Both cases cited by Special Term in support of its decision presuppose the existence of a valid cause of action in contract. (See *Eagle Contrs. v Black,* 7 AD2d 622, affd 8 NY2d 732; *Bohl Contr. Co. v IUE, AFL-CIO, Dist. No. 3,* 73 AD2d 1023.) Therefore, in its absence, appellant owners are entitled to summary judgment dismissing plaintiff's complaint as against them. Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.