■ DELTA ELECTRIC, INC., Respondent, v INGRAM AND GREENE, INC., Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—In an action to recover mon-

eys for services performed, the defendant Consolidated Edison Company of New York, Inc., appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 10, 1985, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint as against it for failure to state a cause of action and for summary judgment, pursuant to CPLR 3212.

Order modified, on the law, by deleting the provision denying that branch of Consolidated Edison's motion which sought dismissal of the complaint as against it, pursuant to CPLR 3211 (a) (7) and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed, with costs.

The defendant-appellant, Consolidated Edison Company of New York, Inc., entered into two written contracts with the defendant Ingram and Greene, Inc. for the construction of a maintenance and outage building and a fire pump house. As a general contractor, Ingram and Greene retained the plaintiff Delta Electric, Inc., as a subcontractor to do certain work on each project. The subcontracts incorporated the prime contracts between the appellant and Ingram and Greene. The prime contracts specifically provided that nothing contained therein "shall create any contractual relation between any subcontractor and the [appellant]".

The plaintiff, by its complaint, seeks to recover from both the appellant and the general contractor moneys for extra and additional work performed pursuant to its subcontracts.

Prior to serving its answer, the appellant moved for an order, pursuant to CPLR 3211 (a) (7) and CPLR 3212, dismissing the complaint against it. Special Term denied the motion in its entirety. We now modify and grant that branch of the appellant's motion which sought dismissal of the complaint, pursuant to CPLR 3211 (a) (7).

"It has been held that a subcontractor may not assert a cause of action which is contractual in nature against parties with whom it is not in privity" (Martirano Constr. Corp. v Briar Contr. Corp., 104 AD2d 1028, 1030; see also, Contelmo's Sand & Gravel v J&J Milano, 96 AD2d 1090; Schuler-Haas Elec. Corp. v Wager Constr. Corp., 57 AD2d 707; Data Elec. Co. v Nab Constr. Corp., 52 AD2d 779).

Contrary to the respondent's contention, there is nothing pleaded or present in this record indicating that the appellant is in privity of contract with the respondent or that the appellant assumed an obligation, by its actions, to pay the

respondent *(see, Martirano Constr. Corp. v Briar Contr. Corp., supra,* at p 1030; *Contelmo's Sand & Gravel v J&J Milano, supra,* at p 1091; *Schuler-Haas Elec. Corp. v Wager Constr. Corp., supra,* at pp 707-708; *Data Elec. Co. v Nab Constr. Corp., supra,* at p 780). Accordingly, since the complaint fails to state a cause of action against the appellant, Special Term should have granted that branch of the appellant's motion which sought dismissal of the complaint as against it, pursuant to CPLR 3211 (a) (7).

We decline to disturb Special Term's denial of that branch of the appellant's motion which sought summary judgment. Under CPLR 3212 (a), a party may move for summary judgment only "after issue has been joined." While CPLR 3211 (c) permits a court to treat a preanswer motion to dismiss, pursuant to CPLR 3211 (a), as a motion for summary judgment, the appellant did not request Special Term to so treat that branch of its motion to dismiss as one for summary judgment. Accordingly, the issue of the applicability of CPLR 3211 (c) is not properly before this court for its consideration *(cf. Mastronardi v Mitchell,* 109 AD2d 825, 828). Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.