■ EASTERN STATES ELECTRICAL CONTRACTORS, INC., Respondent, v WILLIAM L. CROW CONSTRUCTION COMPANY et al., Appellants. WILLIAM L. CROW CONSTRUCTION COMPANY, Counterclaim Appellant, v EASTERN STATES ELECTRICAL CONTRACTORS, INC., et al., Counterclaim Respondents.—Order of the Supreme Court, New York County (Leonard Cohen, J.), entered on or about January 3, 1989, which denied the motion by defendants J.A. Jones Construction Co. and Methodist Hospital of Brooklyn for summary judgment pursuant to CPLR 3212 dismissing the complaint as against them, and

further denied the motion by defendant William L. Crow Construction Company for an order pursuant to CPLR 1001 joining Eastern States Electrical Corporation, a successor of plaintiff Eastern States Electrical Contractors, Inc., as a defendant on the counterclaim, is unanimously reversed, on the law and facts, and the respective motions granted, with costs and disbursements payable by plaintiff-respondent.

Plaintiff Eastern States Electrical Contractors, Inc. entered into an agreement with defendant William L. Crow Construction Company (Crow), which is wholly owned by defendant Jones Construction Co. (Jones), to perform as an electrical subcontractor on renovation work on buildings owned by defendant Methodist Hospital.

The IAS court erred in permitting this action to proceed against defendants Jones and Methodist, with whom, admittedly, plaintiff had no contractual relationship. Neither of these movants was a party to the agreement between defendant Crow and plaintiff. While there are instances in which the courts of this State have permitted tort claims for economic injury in the absence of privity *(see, Strauss v Belle Realty Co.,* 65 NY2d 399, 402), a subcontractor may not assert a contractual claim against an owner with whom it is not in privity *(see, Delta Elec. v Ingram & Greene,* 123 AD2d 369). Moreover, the subcontract to which plaintiff was a party incorporated a clause which expressly excluded any contractual liability on the part of defendant Methodist *(see, Delta Elec. v Ingram & Greene, supra).*

In addition, while the IAS court found triable issues of fact regarding defendant Jones's alleged involvement in the project, our review of the record indicates that plaintiff failed to plead, much less show, the elements of alter ego liability on the part of Jones. Plaintiff and the IAS court cited two instances of defendant Jones's involvement, i.e., the issuance of checks and the presence of its representatives on the jobsite. However, a party seeking to pierce the corporate veil must plead and prove (1) complete domination and control of the subsidiary by the parent, not only generally, but with respect to the transaction at issue, (2) that this control was used to commit a fraud or other wrong, in contravention of the plaintiff's rights, and (3) that the control and its misuse caused the loss *(Musman v Modern Deb,* 50 AD2d 761, 762). Plaintiff failed to meet its burden of demonstrating domination and control by Jones and abuse of that control sufficient to pierce the corporate veil so as to impose alter ego liability upon Jones.

Likewise, the IAS court erred in denying defendant Crow's motion for joinder of Eastern States Electrical Corporation, the successor to plaintiff, as a defendant on Crow's counterclaim, upon the ground that Eastern States Electrical Corporation had not been served with a copy of the joinder motion. CPLR 1001—"Necessary joinder of parties"—provides in pertinent part, in subdivision (a): "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants", and in subdivision (b): "When a person who should be joined * * * has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned."

Service of the joinder motion on the party sought to be joined is not a condition precedent to the court's consideration of such an application. In fact, pursuant to CPLR 1003, "[p]arties may be added or dropped *by the court, on motion* of any party or on its own initiative". Service of a supplemental summons and amended pleading on Eastern States Electrical Corporation by defendant Crow was, therefore, properly preceded by Crow's application for leave to serve such pleadings *(see, Catanese v Lipschitz,* 44 AD2d 579). Concur—Murphy, P. J., Ross, Asch, Rosenberger and Wallach, JJ.