■ KELLY MASONRY CORPORATION, Appellant, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Respondent, et al., Defendant.—Order, Supreme Court, New York County (David B. Saxe, J.), entered August 21, 1989, granting the motion of defendant The Presbyterian Hospital in the City of New York to dismiss the complaint as against it, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

Plaintiff, a masonry subcontractor, seeks to recover monetary damages for uncontemplated construction delays from Presbyterian Hospital in connection with the construction of a medical facility. Presbyterian Hospital, as owner, had entered into a contract with Walsh Construction Co. by which Walsh was to act as construction manager in the construction of new, as well as renovation of, existing hospital facilities. Walsh, which, pursuant to the prime contract, was responsible for organizing and directing construction and assuming all risks as well as the responsibility of completing the project within a guaranteed maximum price, entered into a contract with plaintiff to perform the masonry work. The prime contract specifically stated that nothing contained in the contract documents created any contractual relationship between Presbyterian Hospital and any of Walsh's contractors or subcontractors. By its express terms, the subcontract between Walsh

and plaintiff incorporated the terms of the prime contract. Presbyterian Hospital moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint, which alleges the breach, by delaying plaintiff's work progress, of the contract between Walsh and Kelly. Specifically, Presbyterian Hospital argued that since it was not a party to plaintiff's subcontract with Walsh and plaintiff was not a party to its prime contract with Walsh, there is no privity of contract between it and plaintiff. In making such argument, Presbyterian Hospital relied on the prime contract's disclaimer of any contractual relationship between it and any of Walsh's contractors or subcontractors. The motion court accepted Presbyterian Hospital's argument and dismissed the complaint. We reverse.

A subcontractor may not recover from an owner, absent a contractual relationship between the parties, for claims of losses occasioned by delays or hindrance of progress. *(See, Eastern States Elec. Contrs. v Crow Constr. Co.,* 153 AD2d 522; *Alvord & Swift v Muller Constr. Co.,* Sup Ct, NY County, NYLJ, Sept. 15, 1976, at 7, col 6, *affd* 56 AD2d 761, *affd* 46 NY2d 276.) Plaintiff claims, however, that an agency relationship existed between Presbyterian Hospital and Walsh sufficient to subject the hospital to liability for any breach committed by Walsh. The complaint, paragraph 4, specifically alleges that Presbyterian Hospital employed Walsh "as its agent and construction manager in connection with the construction of a medical facility." Where, as here, a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), a court may not treat the motion as one for summary judgment without providing adequate notice to the parties of its intention to do so. *(See, Mihlovan v Grozavu,* 72 NY2d 506, 508.) Both Presbyterian Hospital and the motion court ignore the complaint's allegation of agency, which for purposes of this motion must be deemed to be true *(Greenview Trading Co. v Hershman & Leicher,* 108 AD2d 468). Since without the required notice that the motion was being treated as one for summary judgment, plaintiff submitted only an attorney's affirmation and memorandum of law, it was deprived of the opportunity to present an appropriate and fully developed record on the agency issue. For instance, plaintiff points out, the prime contract specifically provides that Walsh "is to serve as the Owner's representative with responsibility directly to the Owner." It seems obvious to us that in deciding the motion, the court treated the matter as one for summary judgment. Since a cause of action is stated, the motion to dismiss must be denied. Concur —Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.