■ Sybelle Carpet and Linoleum of Southampton, Inc., Respondent, v East End Collaborative, Inc., et al., Defendants, and George Igel, Appellant.—In an action to recover damages for unjust enrichment, the defendant George Igel appeals from so much of an order of the Supreme Court, Suffolk County (Tannenbaum, J.), entered November 16, 1988, as denied his motion to dismiss the complaint insofar as it is asserted against him for failure to state a cause of action. The appeal brings up for review so much of an order of the same court, entered March 17, 1989, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered November 16, 1988, is dismissed, as that order was superseded by the order entered March 17, 1989, made upon reargument; and it is further,

Ordered that the order entered March 17, 1989, is reversed insofar as reviewed, on the law, so much of the order entered

November 16, 1988, as is appealed from, is vacated, the motion to dismiss the complaint insofar as it is asserted against the appellant is granted, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

According to the complaint, on or about November 11, 1986, the defendants East End Collaborative, Inc. (hereinafter East End), William J. Soehl and Associates (hereinafter Soehl), and Hampton Collaborative, Inc. (hereinafter Hampton), retained the plaintiff to install carpeting in the home of the defendant George Igel in Hampton Bays, which the hiring defendants had designed and built. East End, Hampton and Soehl agreed to pay the plaintiff $12,288 for the total installation, and gave him a deposit of $4,000. The balance of $8,288 has never been paid. The plaintiff sued East End, Hampton and Soehl for breach of their agreement, as well as Igel for unjust enrichment. The defendant Igel's motion to dismiss the complaint as against him pursuant to CPLR 3211 (a) (7) was denied.

It is well established that "a landowner who has had the benefit of a subcontractor's services, pursuant to a contractual obligation with a general contractor in a construction contract, is not liable for the work done by the subcontractor unless he has, in some way, agreed to pay therefor" (*Custer Bldrs. v Quaker Heritage*, 41 AD2d 448, 451; *cf., Woodruff v Rochester & Pittsburgh R. R. Co.*, 108 NY 39; *Delta Elec. v Ingram & Greene*, 123 AD2d 369, 370-371; *Contelmo's Sand & Gravel v J & J Milano*, 96 AD2d 1090, 1091; *Schuler-Haas Elec. Corp. v Wager Constr. Corp.*, 57 AD2d 707; *see also,* Annotation, *Subcontractor's Recovery Against Owner*, 62 ALR3d 288). "[T]he mere fact that [the landowner] has consented to the improvements provided by the subcontractor and accepted their benefit does not render him liable to the subcontractor, whose sole remedy lies against the general contractor" (*Contelmo's Sand & Gravel v J & J Milano, supra,* at 1091). "The theory is that the * * * services performed by the subcontractor * * * are for the benefit of the general contractor who is responsible for the completion of the improvement, not for the benefit of the owner" (*Schuler-Haas Elec. Corp. v Wager Constr. Corp., supra,* at 708).

Since there is nothing pleaded or present in the record at bar to suggest that the defendant Igel was in privity of contract with the plaintiff, or that Igel assumed an obligation, by his actions, to pay the plaintiff, the complaint fails to state a cause of action against Igel and should be dismissed as

against him *(cf., Delta Elec. v Ingram & Greene, supra,* at 370-371). Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.