■ METROPOLITAN ELECTRIC MANUFACTURING COMPANY, Respondent, v HERBERT CONSTRUCTION CO., INC., et al., Appellants, et al., Defendant.—In an action, inter alia, to recover damages for unjust enrichment, the defendants Herbert Construction Co., Kaufman Astoria Studios, Inc., and Astoria Studios Limited Partnership II appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated June 21, 1990, as denied their motion to dismiss the second cause of action of the complaint for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed, on the law, with costs, and the appellants' motion to dismiss the second cause of action of the complaint for failure to state a cause of action is granted.

The plaintiff agreed to manufacture and supply certain goods for the defendant Sigmund London, Inc. (hereinafter London) in connection with a construction project on which London was a subcontractor. The defendant Herbert Construction Co., Inc. (hereinafter Herbert) was the general contractor on the construction project, and the defendants Kaufman Astoria Studios, Inc. and Astoria Studios Limited Partnership II were the owners who hired Herbert.

The plaintiff delivered the goods ordered by London and they were subsequently installed at the premises, but London never paid the plaintiff. The plaintiff eventually brought the instant action against, *inter alia,* Herbert and the owners, seeking recovery for the goods it delivered to London, and alleging that they were unjustly enriched at its expense. Herbert and the owners moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as was asserted against them, to wit, the second cause of action.

The court improperly denied that branch of the motion which was to dismiss the second cause of action sounding in unjust enrichment. It is well settled that in order to recover under a theory of quasi contract, a plaintiff must be able to prove that performance was rendered for the defendant, resulting in its unjust enrichment *(see, Kagan v K-Tel Entertainment,* 172 AD2d 375, 376). That Herbert and the owners consented to the improvements provided by the plaintiff and accepted the benefits does not render them liable to the plaintiff *(see, Sybelle Carpet & Linoleum v East End Collaborative,* 167 AD2d 535, 536; *Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090, 1091). Here, the plaintiff's pleadings fail to allege, and there is nothing in the record to establish, that Herbert or the owners were in privity of contract with London, or that they, by their actions, assumed an obligation to pay for the goods ordered by London. The plaintiff's sole remedy is against London, and therefore, the court should have granted the motion to dismiss the second cause of action for failure to state a cause of action *(see, Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550, 551).

Furthermore, the existence of an express contract between the plaintiff and London governing the particular subject matter of its claim for unjust enrichment precludes the plaintiff from maintaining a cause of action sounding in quasi contract against Herbert or the owners *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Julien J. Studley, Inc. v New York News,* 70 NY2d 628). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.