■ PAUL FAIST et al., Appellants, v GARSLIP CONSTRUCTION CORPORATION et al., Respondents, et al., Defendant. [633 NYS2d 327] —In an action to recover damages, *inter alia,* for unjust enrichment, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), entered April 14, 1994, which, upon reargument, granted

the motion of the defendants Garslip Construction Corporation, Fred Gardner, and Herbert Slepoy for summary judgment and dismissed the complaint insofar as it is asserted against them.

Ordered that the order and judgment is affirmed, with costs.

The court did not improvidently exercise its discretion in granting the reargument motion (see, *Ebasco Constructors v A.M.S. Constr. Co.*, 195 AD2d 439; *Rodney v New York Pyrotechnic Prods.*, 112 AD2d 410).

In addition, it is well settled that a landowner who has had the benefit of a subcontractor's services pursuant to a contractual obligation with a general contractor in a construction contract is not liable for the work done by the subcontractor unless the landowner has, in some way, agreed to pay therefor (see, *Sybelle Carpet & Linoleum v East End Collaborative*, 167 AD2d 535; *Delta Elec. v Ingram & Greene*, 123 AD2d 369). The plaintiffs have failed to raise an issue of fact as to whether the respondents agreed to pay for the plaintiffs' services. Accordingly, the plaintiffs' sole remedy lies against the general contractor (see, *Sybelle Carpet & Linoleum v East End Collaborative, supra*). Mangano, P. J., Miller, Santucci and Hart, JJ., concur.