■ M. PALADINO, INC., Respondent, v J. LUCCHESE & SON CONTRACTING CORP. et al., Defendants, and BRYANT PARK RESTORATION CORPORATION, Appellant. [669 NYS2d 318] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Bryant Park Restoration Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated January 6, 1997, as denied that branch of its motion which was to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted against the appellant is granted, and the action against the remaining defendants is severed.

The plaintiff may not maintain a cause of action for breach of contract against the appellant Bryant Park Restoration Corporation since it had no contractual relationship with the appellant, and was not in privity with it (*see, Sybelle Carpet & Linoleum v East End Collaborative,* 167 AD2d 535; *Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550). Nor may the plaintiff seek to recover damages in quantum meruit based upon a theory of quasi contract and unjust

enrichment. There is no evidence that the appellant either expressly consented to, or otherwise assumed, an obligation to pay the plaintiff (*see, Sybelle Carpet & Linoleum v East End Collaborative, supra; Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club, supra*).

Finally, the plaintiff's cause of action to recover on an account stated must also be dismissed. An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat the statement as an account stated. It cannot be used to create liability where none otherwise exists (*see, Gurney, Becker & Bourne v Benderson Dev. Co.,* 47 NY2d 995, 996). Here, the plaintiff sent the appellant copies of invoices, the originals of which had been directed to the codefendants, to solicit the appellant's assistance in obtaining payment. Such correspondence does not give rise to a cause of action for an account stated. Miller, J. P., Ritter, Pizzuto and Altman, JJ., concur.