*829 OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the award to defendant and dismissing defendant’s counterclaim, and, as so modified, affirmed without costs.
Plaintiff, a subcontractor, sued defendant, a landowner, for work, labor and services regarding the installation of a hardwood floor in defendant’s home. The subcontractor stated that his only contract was with the general contractor. The defendant homeowner counterclaimed for defective work done by the subcontractor.
The judgment should be modified to the extent of dismissing defendant’s counterclaim. “[A] landowner who has had the benefit of a subcontractor’s services pursuant to a contractual obligation with a general contractor in a construction contract is not liable for the work done by the subcontractor unless the landowner has, in some way, agreed to pay therefor” (Faist v Garslip Constr. Corp., 220 AD2d 718, 719). Consequently, the court properly dismissed the subcontractor’s action against the homeowner for lack of privity of contract.
In regard to the defendant landowner’s counterclaim, he is a third party to the contract between the general contractor and the subcontractor. In Port Chester Elec. Constr. Corp. v Atlas (40 NY2d 652, 656) the Court stated that: “Generally it has been held that the ordinary construction contract — i.e., one which does not expressly state that the intention of the contracting parties is to benefit a third party — does not give third parties who contract with the promisee the right to enforce the latter’s contract with another. Such third parties are generally considered mere incidental beneficiaries.” (See also, Board of Mgrs. v Schorr Bros. Dev. Corp., 182 AD2d 664 [2d Dept]; but see, Sanbar Projects v Gruzen Partnership, 148 AD2d 316 [1st Dept].)
Since the contract between the general contractor and the subcontractor does not indicate an intention to benefit defendant, he cannot recover as a third-party beneficiary.
Floyd, J. P., Palella and Levitt, JJ., concur.