■ STUART PODOLSKY, Appellant, v CITATION ABSTRACT, INC., Defendant, and ALAN POLSKY et al., Respondents. [719 NYS2d

694] —In an action to recover for unjust enrichment, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (D'Emilio, J.), entered March 30, 2000, which, after a nonjury trial, and upon an order of the same court dated February 7, 2000, dismissed the complaint insofar as asserted against the defendants Alan Polsky and Narnoc Corp., d/b/a St. James Lumber Company. The plaintiff's notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see*, CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the order dated February 7, 2000, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment in accordance herewith.

Contrary to the conclusion of the Supreme Court, the evidence presented at trial established that the respondents were not entitled to retain money released to them from an escrow fund in which the plaintiff had placed $20,000, and that they were unjustly enriched thereby (*see, Miller v Schloss,* 218 NY 400, 407; *Wolf v National Council,* 264 AD2d 416; *cf., State of New York v Barclays Bank,* 76 NY2d 533, 540). The respondents, a subcontractor and its attorney, claimed the right to obtain the release of money held in escrow, pursuant to a mechanic's lien filed against the plaintiff's property for materials provided by the defendant, Narnoc Corp., d/b/a St. James Lumber Company (hereinafter Narnoc), to the general contractor who developed the plaintiff's property. This Court, however, discharged that mechanic's lien in 1993 (*see, Matter of Podolsky v Narnoc Corp.,* 196 AD2d 593). Furthermore, the evidence at trial indicated that the plaintiff had neither agreed to pay for the materials provided by Narnoc, nor had he guaranteed the general contractor's performance to pay for the materials; therefore, the plaintiff cannot be held liable for the payment thereof (*see, M. Paladino, Inc. v Lucchese & Son Contr. Corp.,* 247 AD2d 515; *Sybelle Carpet & Linoleum v East End Collaborative,* 167 AD2d 535; *Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550 [the owner's mere consent to and acceptance of improvements to his property by the subcontractor, without more, does not render him liable to the subcontractor]; *Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090). Under the circumstances, the respondents were unjustly enriched by retaining moneys which were disbursed from the escrow fund, and the Supreme Court improperly granted judgment in their favor.

It was undisputed at trial that the principal sum retained by

the respondents was $15,800.67. Accordingly, the matter is remitted to the Supreme Court for entry of an amended judgment in favor of the plaintiff and against the respondents, reflecting the appropriate damages. Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.