Armor Bay Constr. Corp. v Richmond Constr. Inc. (2024 NY Slip Op 50429(U))

[*1]

Armor Bay Constr. Corp. v Richmond Constr. Inc.

2024 NY Slip Op 50429(U)

Decided on April 12, 2024

Supreme Court, Richmond County

DiDomenico, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 12, 2024
Supreme Court, Richmond County

Armor Bay Construction Corp., Plaintiff,

against
Richmond Construction Inc., GOVERNORS OFFICE OF STORM RECOVERY, MOHAN DHILLON, AMINDER SINGH, HOUSING TRUST FUND CORPORATION, and LONG BEACH HOUSING AUTHORITY, Defendants.

Index No. 150403/2023

Plaintiff is represented by: 
David Jesse Eisenberg Esq. 
JDE Law Firm, PLLC 
2555 Richmond Ave. Suite 2 
Staten Island, NY 10314 
Defendants Housing Trust Fund Corporation & Governor's Office of Storm Recovery:
Benjamin P. Argyle Esq. 
Venable LLP 
151 W 42nd St. Fl 49
New York, NY 10036 
Defendant Long Beach Housing Authority is represented by: 
Austin Graff Esq. 
The Scher Law Firm, LLP 
600 Old Country Road, Suite 440, Garden City, NY 11530 

Catherine M. DiDomenico, J.

Recitation as required by CPLR 2219(a) of the papers considered in the review of Motion Sequence Numbers 001, 002, and 003.
Document Numbered
Summons and Complaint 1
Motion to Dismiss by Defendant Housing Trust (001) 2
Motion to Dismiss by Defendant Long Beach (002) 3
Cross-Motion by Plaintiff to Amend (003) 4
Opposition to 002 and 003 by Plaintiff 5
Reply by Defendant Housing Trust 6
Reply by Defendant Long Beach 7
Transcript of Oral Argument dated 1/17/24 8
Upon the foregoing cited papers, the Decision and Order is as follows:
 Procedural History / Relevant Facts
Pursuant to a written agreement dated May 10, 2018 (the "Prime Contract"), Defendant Housing Trust Fund Corporation ("HTFC"), acting as the owner of the property at issue, hired Defendant Richmond Construction Corp. ("Richmond") as a General Contractor to perform work at the Channel Park Homes Housing Development. This housing development is located on land that is owned by Defendant Long Beach Housing Authority ("LBHA"). Richmond hired Plaintiff as a subcontractor to perform roofing work at the project. Plaintiff alleges that it completed at least 95% of the work required under its subcontract with Richmond but was never paid for the work it completed by Richmond or any of the other defendants.
In or around June of 2023, the principals of Defendant Richmond, (Defendants Mohan Dillon and Aminder Singh) were indicted on federal charges of conspiracy to commit wire fraud and aggravated identity theft in connection with the project. Specifically, they were charged with submitting fraudulent signatures on the payment documents given to HTFC and the surety bonds given to Defendant Governor's Office of Storm Recovery ("GOSR") under the Prime Contract. In or around February 2022, Plaintiff contacted GOSR to inform them that Richmond failed to pay them for work they had performed. In response, GOSR provided them with a copy of the bond information provided by Richmond to insure their payment obligations. However, when Plaintiff contacted the insurance company, they discovered that the bond was fraudulent. As Plaintiff was unable to recover funds under the fraudulent bond, it commenced the present action against Richmond, its principals, GOSR, HTFC and LBHA claiming damages for the unpaid work performed at the Project.
The present action was commenced with the filing of a Summons and Complaint on March 1, 2023. Therein Plaintiff asserted causes of action for breach of contract and unjust enrichment. Defendants GOSR, HTFC and LBHA appeared in the action and filed pre-answer motions to dismiss (Seq. Nos. 001 & 002). Defendants Richmond, Dhillon and Singh have not appeared in this action to date. On or about September 27, 2023, Plaintiff filed a cross-motion (Seq. No. 003) seeking leave to amend its Complaint to add causes of action for conversion, negligence, and breach of fiduciary duty. Defendants did not oppose the motion to amend, and consented to the same during oral argument on the condition that their existing motions to dismiss would be applied to the added causes of action. All pending motions appeared on this Court's calendar for oral argument on January 17, 2024. The motions were submitted for decision upon receipt of the transcript of oral argument.

Applicable Law
When considering a motion to dismiss pursuant to CPLR §3211 a pleading is to be afforded a liberal construction. The Court must generally accept the facts as alleged as true and accord the Plaintiff every possible favorable inference. See Rushaid v. Pictet & Cie, 28 NY3d [*2]316 (2016). On a motion pursuant to CPLR §3211(a)(7) to dismiss for a failure to state a cause of action, the court must determine whether the facts as alleged fit within a cognizable legal theory. See Edelman v. Berman, 2021 NY Slip Op 04120 (2d Dept. 2021). However, when evidentiary material is considered, and the motion is not converted to one for summary judgment, the question becomes whether the plaintiff has a viable cause of action, and not just whether they have stated one. See New Hackensack Realty, LLC v. Lawrence Dev. Realty, LLC., 2024 NY Slip Op 01933 (2d Dept. 2024); see also Feldman v. Nassau Life Ins. Co., 224 AD3d 801 (2024).
Generally, privity between a plaintiff and defendant is required to support a breach of contract claim. See Tutor Perini Bldg. Corp. v. Port Auth. of NY & N.J., 191 AD3d 569 (1st Dept. 2021); see also Siskin v. Cassar, 122 AD3d 714 (2d Dept. 2014). A subcontractor hired by a general contractor on a construction project is in privity with that entity, but not in privity with the landowner, even if the landowner benefitted from the subcontractor's work. See Hamlet at Willow Cr. Dev. Co., LLC. v. Northeast Land Dev. Corp., 64 AD3d 85 (2d Dept. 2009), lv. app. dism., 13 NY3d 900 (2009). A landowner who has benefitted from a subcontractor's services pursuant to a contractual obligation with a general contractor is not liable for the work done by the subcontractor unless he has affirmatively agreed to pay the subcontractor for that work. See Podolsky v. Citation Abstract, Inc., 279 AD2d 559 (2d Dept. 2001). Absent such an agreement, a subcontractor's sole remedy lies against the general contractor. See Faist v. Garslip Constr. Corp., 220 AD2d 718 (2d Dept. 1995). The same rule applies to the quasi-contractual theory of unjust enrichment. See e.g. Sears Ready Mix, Ltd. v. Lighthouse Mar., Inc., 127 AD3d 845 (2d Dept. 2015); see also J.P. Plumbing Corp. v. Born to Build Constr. Corp., 137 AD3d 976 (2d Dept. 2016).

 Decision
It is undisputed that Plaintiff is not a named party or third-party beneficiary in the Prime Contract between HTFC and Richmond. Thus, there is no privity of contract between HTFC and Plaintiff. See KTG Hospitality, LLC v. Cobra Kitchen Ventilation, Inc., 201 AD3d 710 (2d Dept. 2002). Similarly, there is no evidence in the record to suggest that either HTFC or LBHA in their capacity as owners of the real property at issue affirmatively agreed to pay Plaintiff directly for any of the services performed in furtherance of its subcontract with Richmond. Accordingly, Plaintiff's contractual and quasi contractual claims against defendants HTFC and LBHA are not legally sustainable. See Sybelle Carpet & Linoleum, Inc. v. East End Collaborative, Inc., 167 AD2d 535 (2d Dept. 1990). Moreover, as the Governor's Office of Storm Recovery is a program within the HTFC, and not a separate legal entity, the same ruling applies. Plaintiff's sole remedy lies against Defendant Richmond as general contractor.[FN1]
See Metropolitan Electric Mfg. Co. v. Herbert Constr. Co., 183 AD2d 758 (2d Dept. 1992).
In addition to the arguments for dismissal addressed above, Defendant LBHA separately argues that Plaintiff's Complaint must be dismissed against them, because Plaintiff failed to file a Notice of Claim as required by NY Public Housing Law §157.1. Pursuant to this statute, service of a notice of claim must be filed within 90 days after the accrual of a cause of action against a [*3]public housing authority. See Matter of St. Hilaire v. New York City Hous. Auth., 216 AD3d 645 (2d Dept. 2023). The failure to satisfy this precondition requires that a case be dismissed. See Matter of Thomas v. New York City Hous. Auth., 200 AD3d 1051 (2d Dept. 2021); see also Potter v. Atarien, 31 Misc 3d 846 (Sup. Ct. Qns. Cty. 2011). While Plaintiff argues that the Public Housing Law provides for a longer notice period than 90 days, its original six-month time limit has been superseded by §50-e General Municipal Law. See Robinson v. New York City Housing Authority, 176 N.Y.S.2d 700 (Sup. Ct. NY Cty. 1958); aff'd, 8 AD2d 747 (2d Dept. 1959); see also Colasuonno v. Municipal Housing Authority, 210 N.Y.S. 2d 45 (3rd Dept. 1961). In any event, regardless of which time frame applies, Plaintiff has failed to file a notice of claim at all and has not moved for leave to file a late notice. See e.g. Matter of Mounsey v. City of New York, 68 AD3d 998 (2d Dept. 2009). Plaintiff's alternative argument that a notice of claim is only required for tort actions is equally unpersuasive as NY Public Housing Law 157.1 clearly states that it applies to "any cause whatsoever prosecuted or maintained against an authority other than condemnation." See Matter of BRG 3715 LLC v. New York City Hous. Auth., 2012 NY Slip Op 30656 (Sup. Ct. NY Cty. 2012); see also Leon v. New York City Hous. Auth., 214 AD2d 455 (1st Dept. 1995).
Plaintiff's opposition papers only tangentially address the legal arguments raised by Defendants in relation to the contractual and quasi-contractual causes of action asserted in the Original Complaint. Rather, Plaintiff argues that the "new" causes of action in its Amended Complaint are sufficient to survive dismissal. As discussed above, Defendants consented to Plaintiff's motion to amend being granted, so long as their motions to dismiss were allowed to encompass the new claims asserted. In its Amended Complaint, Plaintiff asserts new causes of action for conversion, breach of fiduciary duty, and negligence.
Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. See State v. Seventh Regiment Fund, 98 NY2d 249 (2002). However, an action for conversion cannot be predicated on a mere breach of contract. See Gym Door Repairs, Inc. v. Astoria Gen. Contr. Corp., 144 AD3d 1093 (2d Dept. 2016). Here, Plaintiff asserts its conversion claim on the same facts that it utilized to assert its breach of contract and unjust enrichment claims. See Wolf v. National Council of Young Isr., 264 AD2d 416 (2d Dept. 1999). In short, Plaintiff's allegation that they "purchased and supplied materials for the project" forms the basis of their contractual, quasi-contractual, and tort causes of action against Defendants. An action for conversion cannot be validly maintained where damages would be duplicative of the breach of contract claim. See Peters Griffin Woodward, Inc. v. WCSC, Inc., 88 AD2d 883 (1st Dept. 1982.) Stated another way, the relevant question when determining whether a conversion claim is duplicative is "if Plaintiff were to recover on each claim, would it recover twice?" See Medequa LLC v. O'Neill and Partners LLC, 2022 U.S. Dist. LEXIS 131915 (S.D.NY 2022); see also Brighton Bldr. LLC. v Bedford Landscape Contrs. LLC., 2023 NY Slip Op 33636 (Sup. Ct. Kings. Cty. 2023). Here, if Plaintiff were successful on its breach of contract claim against Defendant Richmond, and also successful on its conversion cause of action, it would recover the same amount of damages twice.
Plaintiff's second "new" cause of action alleges the breach of a fiduciary duty between Defendants Richmond, GOSR, HTFC, and Plaintiff. The elements of a cause of action to recover damages for a breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) misconduct by the defendant, and (3) damages directly caused by the misconduct. See Palmetto [*4]Partners, L.P. v. AJW Qualified Partners, LLC., 83 AD3d 804 (2d Dept. 2011). A breach of fiduciary duty claim must be pleaded with particularity. See CPLR §3016(b); see also Deblinger v. Sani-Pine Prods. Co., Inc., 107 AD3d 659 (2d Dept. 2013). As argued by Defendants GOSR and HTFC, the only possible fiduciary duty present in this action was between Defendant Richmond as general contractor and Plaintiff as subcontractor. Under Article 3-A of the Lien Law, a general contractor has a fiduciary duty to a subcontractor with respect to funds received by the general contractor for a construction project. See AABCO Sheet Metal Co. v. Lincoln Ctr. for the Performing Arts, 174 Misc 2d 232 (Sup. Ct. NY Cty. 1997); aff'd, 249 AD2d 39 (1st Dept. 1998). The general contractor serves as a trustee of the funds received. Plaintiff argues that when Richmond's principals were arrested, its duty as trustee was somehow transferred to Defendants HTFC and GOSR. This novel argument that Defendants HTFC and GOSR became "substitute" trustees is offered without legal support. The Court's own research has revealed that similar claims have failed as there is no fiduciary relationship between a landowner and a contractor. See Albstein v. Elany Contr. Corp, 30 AD3d 210 (1st Dept. 2006). Additionally, Plaintiff fails to allege any particular acts of misconduct by Defendants GOSR or HTFC that would be sufficient to support a breach of fiduciary duty claim. 
Finally, Plaintiff alleges a negligence cause of action against Defendants GOSR and HTFC claiming that they were negligent in hiring Defendant Richmond as a general contractor, and by failing to perform due diligence to verify the surety bond produced by Richmond. As indicated above, the surety bond was ultimately found to be fraudulent. To state a claim for negligence a plaintiff must allege (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) injury proximately resulting therefrom. See Poon v. Nisanov, 162 AD3d 804 (2d Dept. 2018). Plaintiff attempts to satisfy the "duty" element of its cause of action by claiming that GOSR and HTFC had an obligation to protect Plaintiff from the bad acts of Defendant Richmond, but no such duty exists. As discussed above, Plaintiff was not a party to the Prime Contract nor a third-party beneficiary thereof. The only duty that existed between Richmond and HTFC was created by the contract between them. See Sargent v. New York Daily News, L.P., 42 AD3d 491 (2d Dept. 2007). A contractual obligation between two parties is generally insufficient to give rise to tort liability in favor of a third party. See Valdez v. M.A. Angeliades, Inc., 222 AD3d 911 (2d Dept. 2023); see also Heffez v. L & G Gen. Constr., Inc., 56 AD3d 526 (2d Dept. 2008); Espinal v. Melville Snow Contrs., 98 NY2d 136 (2002). As Defendants GOSR and HTFC did not owe a duty to Plaintiff, the negligence claim asserted against them must be dismissed.
Accordingly, for the reasons set forth herein, motions 001 and 002 filed by Defendants HTFC, GOSR and LBHA to dismiss the causes of action asserted against them in the Amended Complaint are hereby granted. As all causes of action against those entities have been dismissed, they are no longer defendants in this case. However, active causes of action remain against Defendants Richmond, Dhillon and Singh who have not answered to date. The matter is hereby adjourned to May 8, 2024, at 4PM for a telephone status conference. If Plaintiff wishes to file a default motion to resolve its claims against the non-answering defendants, it may do so.
This constitutes the Decision and Order of the Court.
Dated: April 12, 2024
Hon. Catherine M. DiDomenico
Acting Justice Supreme Court

Footnotes

Footnote 1:Or any viable claim against its principals.