TH Fashion Ltd. v Vince Holding Corp. (2024 NY Slip Op 04630)

TH Fashion Ltd. v Vince Holding Corp.

2024 NY Slip Op 04630

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 159241/23 Appeal No. 2618 Case No. 2024-02233 

[*1]TH Fashion Limited, Plaintiff-Respondent,
v
Vince Holding Corp., Defendant-Appellant, Rebecca Taylor, Inc., Defendant.

Kibler Fowler & Cave LLP, New York (Daniel J. Stujenske of counsel), for appellant.
Maidenbaum & Associates, P.L.L.C., Merrick (Eric J. Canals of counsel), for respondent.

Order of the Supreme Court, New York County (Melissa A. Crane, J.), entered March 29, 2024, which, to the extent appealed from, denied defendant Vince Holding Corp.'s (Vince) motion to dismiss the fourth cause of action for account stated, unanimously reversed, on the law, with costs, and the motion granted.
An account stated claim is an "account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance" (Aronson Mayefsky & Sloan, LLP v Praeger, 228 AD3d 182, 185 [1st Dept 2024] [internal quotation marks omitted]). Thus, a defendant's receipt and retention of invoices seeking payment for goods or services rendered, without objection within a reasonable time, gives rise to an actionable claim for account stated (id.).
Here, liberally construing the pleadings in plaintiff's favor, the complaint failed to plead the elements of an account stated claim against Vince. Plaintiff failed to allege any contractual relationship with Vince, relying only on email exchanges with one of Vince's employees regarding outstanding invoices owed by codefendant Rebecca Taylor, Inc., a subsidiary of Vince. In these emails, plaintiff did not seek the same damages as sought in the complaint and only requested that Vince provide the "payment status" on certain invoices past due and owed by Rebecca Taylor, Inc. In response, Vince indicated that it would "escalate" the issue for review and report back with a payment update status as soon as possible. Plaintiff's attempt to solicit Vince's assistance in obtaining payment does not give rise to a cause of action for an account stated (M. Paladino, Inc. v Lucchese & Son Contr. Corp., 247 AD2d 515, 516 [2d Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024