Louis McKAY, individually and as Administrator of the Estate of Eleanora McKay, also known as Billie Holiday, and as Eleanora Fagan, Deceased, Louis McKay, doing business as Billie Holiday Studios a.n., Louis McKay, doing business as Lady Day Record Company, Louis McKay, doing business as Sa-Day Music Company and Billie Holiday Associates, Inc., Appellants,

v.

COLUMBIA BROADCASTING SYSTEM, INC., James E. Allen, as Commissioner, New York State Department of Education, Clair Roskam, John Butler, Carmen DeLavallade and William Dufty, Appellees.

No. 140, Docket 28219.

United States Court of Appeals
Second Circuit.

Argued Nov. 6, 1963.

Decided Dec. 2, 1963.

Florynce R. Kennedy, New York City, for appellants.

Gilbert S. Edelson, New York City (Seymour D. Lewis, Philip E. Silberberg, and Rosenman, Colin, Kaye, Petschek & Freund, New York City, on the brief), for appellees C.B.S., Roskam and De-Lavallade.

Philip Kahaner, Asst. Atty. Gen. of New York (Louis J. Lefkowitz, Atty. Gen., on the brief), for appellee Allen.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York, Richard H. Levet, District Judge, dismissing plaintiffs' amended complaint. The amended complaint, which bears more

than a passing resemblance to a filibuster, purports to state three causes of action, all arising from a single Columbia Broadcasting System (CBS) telecast on September 9, 1962, entitled "For Miss Holiday." The telecast was one in an award-winning educational series, Camera Three, and was produced in cooperation with the New York State Department of Education to present cultural aspects of American life. This particular telecast consisted of a narration of a biographical sketch of the famous jazz singer, Billie Holiday, accompanied by her photographs, drawn from the files of CBS. This was followed by a ballet sequence, danced to the music of some of Miss Holiday's commercially released recordings. The show concluded with another Holiday recording and additional photographs.

■ Count I of the amended complaint attempts to state a Sherman Act claim by alleging a combination and conspiracy among CBS, four of its employees, and the New York State Department of Education to "procure, monopolize, and keep within the control of the defendants * * * the production of a television program about Billie Holiday." But simply characterizing the above facts by a liberal use of antitrust terminology will not create a Sherman Act Claim. Under the plaintiffs' theory, which strikes us as nothing short of preposterous, anyone who claimed to be considering a future television program or movie about a particular person would have a claim against any producer of a program on the same subject under the Sherman Act for monopolization and suppression of competition in that subject. We agree with Judge Levet that the amended complaint does not set forth facts under which relief can be granted under the Sherman Act.

■■ Count II of the amended complaint attempts to state a claim for the infringement of the copyright of Lady Sings the Blues, the story of Billie Holiday's life. The copyright notice annexed to the amended complaint indicates that the copyright was granted jointly to Miss Holiday and William Dufty, the co-author. But a license from a co-holder of a copyright immunizes the licensee from liability to the other co-holder for copyright infringement. Piantadosi v. Loew's, 137 F.2d 534, 537 (9 Cir. 1943); Meredith v. Smith, 145 F.2d 620, 621 (9 Cir. 1944). Since the complaint alleges that Dufty wrote the Holiday program for CBS, Dufty must have licensed CBS to use the material. Cf. Yardley v. Houghton Mifflin Co., 108 F.2d 28 (2 Cir. 1939), cert. denied 309 U.S. 686, 60 S.Ct. 891, 84 L.Ed. 1029 (1940). The District Court therefore properly dismissed Count II for failure to set forth facts upon which relief could be granted.

■ Count III, charging the defendants with defamation and misuse of phonograph recordings, does not state a federal claim. Nor is there any showing in the amended complaint of diversity jurisdiction. Since the federal claims in Counts I and II were insubstantial and were dismissed without trial, the District Court properly dismissed these state claims for lack of jurisdiction. Levering & Garriques v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933). The dismissal as to Count III is without prejudice to the institution of appropriate proceedings in the state court.

We find no abuse of discretion by the District Court in dismissing the complaint with prejudice on the first two counts instead of permitting leave to amend. Plaintiffs have freely amended the complaint once, and it does not appear that they asked for leave to amend again. Rather they took the position that a further amendment of the complaint would be of dubious benefit to either the parties or the court.

We find no need to discuss separately the dismissal of the complaint as to James Allen, Commissioner of the New York State Department of Education, for if the amended complaint is insuffi-

cient as to CBS and its employees, it is *a fortiori* insufficient as to James Allen.

The order of the District Court dismissing the first two counts with prejudice and dismissing the third count without prejudice is affirmed.