**LOMBARD'S, INC., Plaintiff-Appellant,**

v.

**PRINCE MANUFACTURING, INC. and Chesebrough-Pond's Inc., Defendants-Appellees.**

Nos. 84–5547, 84–5660
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 21, 1985.

Lawrence R. Metsch, Hauser & Metsch, P.A., Lydia A. Fernandez, Miami, Fla., for plaintiff-appellant.

Scott D. Sheftall, Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

This is a consolidated appeal of the trial court's dismissal of Lombard's amended complaint for failure to state a claim upon which relief can be granted and denial of Lombard's motion for leave to depose two party witnesses pending appeal. We affirm.

The relevant paragraphs of Lombard's amended complaint provide:

10. Upon information and belief, PRINCE, together with PRINCE dealers and others at this time unknown to LOMBARD'S, conspired to maintain the resale prices of the "Prince Precision Graphite," the "Prince J/R Pro" and the "Prince Magnesium Pro" tennis racquets and terminate price-cutters. In furtherance of that conspiracy, and in response to dealer complaints, PRINCE has prevented LOMBARD'S from making wholesale and mail order sales of the three (3) new tennis racquets by refusing to fill LOMBARD'S purchase orders for these new tennis racquets.

11. Upon information and belief, PRINCE, together and with PRINCE dealers and others at this time unknown to LOMBARD'S, have attempted, and are now attempting, to prevent LOMBARD'S from making wholesale and mail order sales of the "Prince Precision Graphite," the "Prince J/R Pro" and the "Prince Magnesium Pro" tennis racquets not to achieve any legitimate business objectives, but for the sole purpose of unlawfully preventing LOMBARD'S from engaging in intrabrand price competition with other dealers in those same tennis racquets.

1 Rec. at 106–07.

■ These allegations are insufficient to state a claim upon which relief can be granted. Notice pleading is all that is required for a valid antitrust complaint. *Quality Foods v. Latin American Agribusiness Development Corp.*, 711 F.2d 989, 995 (11th Cir.1983). Under notice pleading the complaint need only " "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." ' *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85 (1957)). Nevertheless, "enough data must be pleaded so that each element of the alleged antitrust violation can be properly identified." *Id.* Conclusory allegations "will not survive a motion to dismiss if not supported by the facts constituting a legitimate claim for relief." *Id. See also City of Gainesville v. Florida Power & Light Co.*, 488 F.Supp. 1258, 1263 (S.D.Fla.1980).

■ The present claim states only a conclusory allegation that there was a conspiracy in violation of the Sherman Act. Prince is the only defendant named in the amended complaint, and paragraphs 10 and 11 identify only "PRINCE dealers and others at this time unknown to LOMBARD'S" as Prince's co-conspirators. Thus not only are no facts alleged to demonstrate the conspiracy but the specific participants of the conspiracy are not even identified. Such pleading is inadequate to give the defendant fair notice of Lombard's claim. *Cf. Quinonez v. National Association of Securities Dealers, Inc.*, 540 F.2d 824, 826–28 (5th Cir.1976). A conclusory allegation of conspiracy to restrain trade will not survive a motion to dismiss. *Larry R. George Sales Company v. Cool Attic Corp.*, 587 F.2d 266, 273–74 (5th Cir.1979); *City of Gainesville*, 488 F.Supp. at 1263.

■ Nor did the district court err when it granted Prince's motion to dismiss before Lombard's was able to depose a non-party witness. On June 29, 1984 Lombard's filed and served notice of the taking of Ana April's deposition on July 9, 1984. On July 5, 1984 Prince moved to dismiss Lombard's amended complaint. The next day Prince moved for a protective order under Fed.R. Civ.P. 26(c) canceling April's scheduled deposition. April did not appear on July 9, and on July 16 the court granted Prince's motion for a protective order. On July 18,

1984 the district court issued an order dismissing the amended complaint.

The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of an abuse of that discretion. *Commercial Union Insurance Company v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984); *Wood v. McEwen*, 644 F.2d 797, 801–02 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Chrysler Corporation v. Fedders Corporation*, 643 F.2d 1229, 1240 (6th Cir.), *cert. denied*, 454 U.S. 843, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir.1979).[1] Compare *Quality Foods v. Latin American Agribusiness Development Corporation*, 711 F.2d 989, 995–96 (11th Cir.1983). Accordingly we find no abuse of discretion.

Finally the district court did not err by denying Lombard's motion to depose April and a second witness pending appeal under Fed.R.Civ.P. 27(b). Under Rule 27(b) the court "may" allow the perpetuation of testimony pending appeal where it is "proper to avoid a failure or delay of justice." Lombard's motion alleges only that the two witnesses were not "immune from the uncertainties of life (and death)" and that Lombard's was genuinely concerned that the documents in April's possession could be destroyed. Thus unlike *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir.1967), where the witness was 71 years old and the events to be testified to had occurred 11 years earlier, Lombard's "makes almost no attempt to show why the requested testimony must be perpetuated." *Ash v. Cort*, 512 F.2d 909, 913 (3d Cir.1975) (cited in *In re Eisenberg*, 654 F.2d 1107, 1111 (5th Cir.1981) (Unit B)); *see also Rose v. McNamara*, 375 F.2d 924, 925 & n. 2 (D.C.Cir.), *cert. denied*, 389 U.S. 856, 88 S.Ct. 70, 19 L.Ed.2d 121 (1967).

AFFIRMED.

---

**1.** *Salter v. Upjohn Company*, 593 F.2d 649, 651 (5th Cir.1979), refers to a requirement of extraordinary circumstances to deny the taking of a deposition. We do not consider that it states a different standard than the accepted abuse of discretion standard.