**CENTRAL BANK OF TAMPA, Plaintiff,**

v.

**TRANSAMERICA INSURANCE GROUP, Defendant.**

**No. 87–882–CIV–T–13C.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 30, 1989.

T. Paine Kelly, Jr., Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiff.

Herbert J. Baumann, Jr., Butler & Burnett, P.A., Tampa, Fla., for defendant.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of defendant Transamerica Insurance Group's Motion for Protective Order (Dkt.60) filed August 22, 1989 and plaintiff's Motion For Order Permitting the Taking of Deposition of John Favata (Dkt.65). Both motions deal with plaintiff's attempt to take the post-judgment deposition of John Favata pursuant to Rule 27(b), Fed.R. Civ.P.

Plaintiff seeks to take the post-judgment deposition of non-party John Favata so as to obtain from him a copy of an insurance policy which was in the file of American Insurance Center. Plaintiff seeks this document, it states, in order to advance the argument that defendant, through its agent, had knowledge that "use plaintiffs,"[1] or one of them held a second mortgage on the premises covered by the policy, and that they should have been included in the policy as loss payable mortgagee(s). It appears that plaintiff seeks to advance this argument in support of its Motion For Rehearing of the Court's Summary Judgment order and in reconsidering the Court's order denying plaintiff leave to file a supplemental complaint.

Plaintiff took the deposition of Mr. Favata originally in June, 1988. The particular

---

1. Plaintiff includes R.W. Mashburn, Lamas Oriental Foods, Inc. and Lamas, Inc. as "use plaintiffs" in the style of the case although they are not parties to this action. The Court denied plaintiff's Motion For Leave to File Supplemental Complaint which sought, *inter alia,* to add these entities as "use plaintiffs." Inclusion of these entities in the case style prior to Court approval is improper.

insurance policy plaintiff seeks to receive by the instant motion was identified and viewed by counsel at that deposition. Plaintiff's counsel's affidavit recites that counsel sought a copy from the court reporter of the entire file folder which contained the policy at issue here. According to plaintiff's counsel, when the deposition exhibits were duplicated and forwarded to him the file folder was not copied. Affidavit of T. Paine Kelly, Jr., pp. 1–2 ("Kelly Affidavit"). Subsequently, plaintiff sought to obtain the policy from Mr. Favata but was advised that on the advice of his attorney he could not provide the document absent a subpoena. Kelly Affidavit, p. 3.

Despite the knowledge that plaintiff would need a subpoena to get the insurance policy from Mr. Favata, plaintiff proceeded to file Plaintiff's Motion for Summary Judgment on May 24, 1989 (eleven months after the deposition) without advancing the notice argument which plaintiff contends would have been supported by the insurance document. Nor was the notice argument advanced when plaintiff filed its Motion For Leave to File Supplemental Complaint on January 10, 1989.

By order dated June 29, 1989, the Court denied plaintiff's Motion For Summary Judgment as untimely and denied plaintiff's Motion For Leave to File Supplemental Complaint on the grounds that plaintiff has no assignable interest.

Under Rule 27(b), the court "may" allow the perpetuation of testimony (sought here by deposition) pending appeal where it is "proper to avoid a failure or delay of justice." It appears that the rule is primarily designed to perpetuate testimony in those instances where it appears that the passage of time or the unavailability of witnesses pending the hearing of the appeal and possible new trial would cause injustice. *See* 4 Moore's Federal Practice § 27.20, p. 27–49 (2d Ed. Bender 1987); *see also Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir.1985).

Here, rather than perpetuate testimony which may become lost, plaintiff attempts to utilize Rule 27(b) to obtain documents allegedly supporting an argument raised for the first time post-judgment. In such a case justice supports the position taken by defendant, the party that would have to defend against such a new claim rather than favor plaintiff's argument. *See Bell Tel. Laboratories, Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16, 20 (D.Del.1976) (party which has litigated case under one legal theory generally should not be permitted to reopen the case post-judgment so as to introduce evidence in support of a different theory).

Further, plaintiff had ample opportunity to develop the record at the initial deposition of Mr. Favata in an effort to advance the notice argument in its subsequent Motion For Summary Judgment and Motion For Leave to File Supplemental Complaint. Plaintiff's counsel admits that he had the insurance policy in hand at the deposition yet the record reveals that counsel did not question the deponent concerning the alleged presence of the names of The Central Bank of Tampa as first mortgagee and Bob Mashburn as second mortgagee which he "believes" he saw on the "Declarations" page. Counsel made a tactical choice in this litigation in making certain legal arguments and omitting others and should not now be permitted to make new choices post-judgment. *See Bell*, 73 F.R.D. at 20.

The undersigned finds, therefore, that defendant has shown good cause in support of a protective order preventing the taking of the deposition of John Favata and that defendant's motion for protective order should be GRANTED and that plaintiff's motion for leave to take the deposition of Mr. Favata should be DENIED.

It is, therefore,

ORDERED:

(1) that Defendant's Motion For Protective Order (Dkt.60) is GRANTED;

(2) that plaintiff's Motion For Order Permitting the Taking of Deposition of John Favata is DENIED.

DONE and ORDERED.