**In re: CLARUS CORPORATION SECURITIES LITIGATION**

No. CIVA1:00CV2841CAP.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 16, 2002.

W. Pitts Carr, Carr Tabb Pope & Freeman, Atlanta, GA, Jeffrey C. Block, phv, Berman DeValerio & Pease, Boston, MA, Robert R. Adler, phv, Abraham Rappaport, Milberg Weiss Bershad Hynes & Lerach, Boca Raton, FL, Michael Lange, phv, Berman DeValerio Pease Tabacco Burt & Pucillo, Boston, MA, for Movants.

Sherrie R. Savett, phv, Arthur Stock, phv, Berger & Montague, Philadelphia, PA, Gregory M. Nespole, phv, Wolf Haldenstein Adler, New York City, Martin D. Chitwood, David Andrew Bain, M. Krissi Temple, Chitwood & Harley, Atlanta, GA, Steven G. Schulman, phv, Samuel H. Rudman, phv, Milberg Weiss Bershad Hynes & Lerach, New York City, Kenneth J. Vianale, phv, Maya Saxena, phv, Jerold B. Hoffman, phv, Marc H. Edelson, phv, Hoffman & Edelson, Doylestown, PA, Neil Rothstein, phv, David R. Scott, phv, Scott & Scott, Colchester, CT, Stuart L. Berman, phv, Schiffrin & Barroway, Bala Cynwyd, PA, Burton H. Finkelstein, phv, Donald J. Enright, phv, Finkelstein Thompson & Loughran, Washington, DC, Jack Reise, phv, Paul J. Geller, phv, Cauley Geller Bowman & Coates, Boca Raton, FL, Corey Daniel Holzer, Holzer & Holzer, Atlanta, GA, Alfred G. Yates, Jr., phv, Office of Alfred G. Yates, Jr., Pittsburgh, PA, Abraham Rappaport, phv, Milberg Weiss Bershad Hynes & Lerach, Boca Raton, FL, Charles J. Piven, phv, Office of Charles J. Piven, Baltimore, MD, Fred Taylor Isquith, phv, Wolf Haldenstein Adler, New York City, Marvin L. Frank, phv, Rabin & Peckel, New York City, Andrew M. Schatz, phv, Schatz & Nobel, Hartford, CT, Jody Anderman, phv, LeBlanc Maples & Waddell, Baton Rouge, LA, Samuel D. Rosen, phv, Paul Hastings Janofsky & Walker, Stuart D. Wechsler, phv, Wechsler Harwood Halebian & Feffer, New York City, Lauren S. Antonino, Chitwood & Harley, Atlanta, Jeffrey R. Krinsk, phv, Finkelstein & Krinsk, San Diego, CA, Stanley M. Grossman, phv, Marc I. Gross, phv, Pomerantz Haudek Block Grossman & Gross, David Jaroslawicz, phv, Jaroslawicz & Jaros, New York City, Patrick V. Dahlstrom, phv, Pomerantz Haudek Block Grossman & Gross, Chicago, IL, Richard

A. Lockridge, phv, Gregg M. Fishbein, phv, Lockridge Grindal Nauen, Minneapolis, MN, Irwin W. Stolz, Jr., Linda Ann Klein, Gambrell & Stolz, Atlanta, GA, Ira M. Press, phv, Kirby McInerney & Squire, New York City, Steven J. Toll, phv, Andrew N. Friedman, phv, Cohen Milstein Hausfeld & Toll, Washington, DC, Zachary Alan Starr, phv, Starr & Holman, New York City, Brian M. Felgoise, phv, Office of Brian M. Felgoise, Philadelphia, PA, Robert C. Susser, phv, Office of Robert C. Susser, New York City, Brian Barry, phv, Office of Brian Barry, Los Angeles, CA, for Plaintiffs.

Oscar N. Persons, Susan Elaine Hurd, W. Shawn Murnahan, Alston & Bird, Atlanta, GA, Robert R. Adler, phv, Milberg Weiss Bershad Hynes & Lerach, Boca Raton, FL, for Defendants.

## ORDER

PANNELL, District Judge.

The plaintiffs filed the instant securities litigation class action, based upon alleged violations of the federal securities laws under the Securities Exchange Act of 1934 (Exchange Act). More specifically, the plaintiffs allege that the defendants violated the anti-fraud provisions of the act and the rules promulgated thereunder. *See* 15 U.S.C. §§ 78j(b) and 78t(a); 17 C.F.R. § 240.10b–5. The matter is currently before the court on the defendants' motion to dismiss pursuant to the provisions of the Private Securities Litigation Reform Act (PSLRA) and the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u–4(b)(2)(A); Fed.R.Civ.P. 12(b)(6). Because the court concludes that the plaintiffs' consolidated amended complaint does state a claim for violation of the Exchange Act, the defendants' motion to dismiss [Doc. No. 48–1] is DENIED.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This securities class action lawsuit filed by purchasers of the common stock of Clarus Corporation (hereinafter "Clarus") against Clarus, its Chief Executive Officer, and its secretary/treasurer, among others, alleges violations of Section 10(b)(5) of the Exchange Act, S.E.C. Rule 10b–5 promulgated thereunder, and Section 20(a) of the Exchange Act. The crux of the plaintiffs' complaint alleges that the defendants perpetrated a fraud on the market based on statements made in the conduct of Clarus' business. By previous order, the court named lead plaintiffs, lead counsel, and liaison counsel for the plaintiffs. The plaintiffs' amended consolidated class action complaint (complaint) [Doc. No. 44–1] alleges that Clarus misrepresented its competitive position, business prospects, and the quality of its receivables all in violation of the Exchange Act. The defendants have challenged the legal sufficiency of the plaintiffs' allegations with a motion to dismiss.

The 71 page complaint contains but two counts. The first count alleges direct violation of Section 10(b) of the Exchange Act and Rule 10b–5. The second count asserts that three of the individual defendants are liable as "controlling persons" pursuant to Section 20(a) of the Exchange Act for the direct violations of the Act described in the first count. The defendants have not challenged the second count at this point beyond merely pointing out that if, as they believe, there is no primary violation, then there can be no controlling person liability. Because the court finds that the plaintiffs have sufficiently alleged a primary violation, the defendants argument regarding the Section 20(a) claim is moot. Accordingly, the question presented by this motion to dismiss is whether the plaintiff has sufficiently alleged a violation of Section 10(b) of the Exchange Act and Rule 10b–5 promulgated thereunder.

## II. LEGAL DISCUSSION

### A. Motion to Dismiss Standard for a Securities Fraud Complaint

When considering a motion to dismiss a complaint which alleges securities fraud, the court relies on the general rules for pleading in a federal court, the rules for pleading fraud in a federal court, and the statutory requirements for pleading a claim contained in the Private Securities Litigation Reform Act (PSLRA) and the elements of the particular claim.

### 1. Federal Rule of Civil Procedure 12(b)(6)

Generally, a complaint should be dismissed pursuant to Rule 12(b)(6) only where no set of facts could support a plaintiff's claims for relief. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P. 12(b)(6); Linder v. Portocarrero, 963 F.2d 332 (11th Cir.1992). Further, the court must assume that all the factual allegations set forth in the complaint are true. See United States v. Gaubert, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). Also, the court only considers the allegations in the complaint, which it liberally construes in the light most favorable to the plaintiff. See Brower v. County of Inyo, 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). Moreover, the face of the plaintiff's complaint need only provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir.1985). Accordingly, a motion to dismiss pursuant to Rule 12(b)(6) will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir.1988); see also Hishon v. King & Spalding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In such an instance, the court is authorized to dismiss the complaint "on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

### 2. Federal Rule of Civil Procedure 9(b)

Rule 9(b) requires all allegations of fraud to be stated with particularity. Fed.R.Civ.P. 9(b). This requirement forces plaintiffs to provide a heightened level of factual allegations to support a claim of fraud in a complaint. Accordingly, a plaintiff must plead the circumstances of fraud in detail. The requirements of Rule 9 apply in securities fraud cases and protect the same interests as in other civil actions alleging fraud. See e.g. Tuchman v. DSC Communications Corp., 14 F.3d 1061 (5th Cir.1994). The requirements of Rule 9(b) are satisfied when a complaint sets forth precisely:

(1) what statements or omissions were made in what documents or oral representations,

(2) who made the statements,

(3) the time and place of the statements,

(4) the content of the statements and the manner in which they misled the plaintiff, and

(5) what benefit the defendant gained as a consequence of the fraud.

Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir.1997); see also In re Theragenics Corp. Securities Litigation, 105 F.Supp.2d 1342, 1348 (N.D.Ga.2000).

### 3. Private Securities Litigation Reform Act (PSLRA)

The PSLRA adds additional requirements for complaints alleging securities fraud. 15 U.S.C. § 78u–4(b)(1); and see Bryant v. Avado Brands, Inc., 187 F.3d 1271 (11th Cir.1999).

### a. The Statements

Beyond the requirements of Rule 9(b), the PSLRA further requires the plaintiff to specify each statement alleged to have been misleading and the reason or reasons why the statement is misleading. 15 U.S.C. § 78u–4(b)(1). The PSLRA also requires specific allegations concerning the defendant's mental state.

### b. Scienter

■■■■ The PSLRA requires the plaintiff to provide particular facts with regard to each allegedly false statement or omission that create "a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). Scienter, the name for the requisite mental state, requires either actual knowledge of the falsity or severe recklessness. *See Avado Brands*, 187 F.3d 1271.[1] In order to satisfy the scienter requirements at this stage, therefore, the plaintiffs must plead particular facts that create a strong inference of actual knowledge or must plead "particular facts that give rise to a strong inference that the defendant acted in a severely reckless manner." *Id.* at 1287. Evidence of motive and opportunity may support a claim of severe recklessness, but may not create the strong inference required when standing alone. *See id.* at 1287.

### B. The Plaintiffs' Allegations

■■■■ The elements of a cause of action under Section 10(b) or Rule 10b–5 that the plaintiff must allege are "(1) a misstatement or omission (2) of a material fact (3) made with scienter (4) upon which the plaintiff relied (5) that proximately caused the plaintiffs' loss." *Theoharous v. Fong*, 256 F.3d 1219, 1224 (11th Cir.2001) (quoting *McDonald v. Alan Bush Brokerage Co.*, 863 F.2d 809, 814 (11th Cir.1989)). The subject statement must, of course, be made in connection with the purchase or sale of securities. *See Avado Brands*, 187 F.3d at 1281. Here, the plaintiffs allege a number of misstatements and omissions by the defendants. As to each statement or omission, the plaintiffs allege the other required elements of the claim. The issue before the court, therefore, is whether the allegations are sufficient to satisfy the heightened requirements for securities fraud claims. The court finds that the allegations are sufficient to state a claim.

### 1. The Sale That Was Not a Sale

■■■■ The plaintiffs allege that on January 31, 2000, the defendants issued a press release reporting the financial figures for the fourth quarter of 1999. The complaint alleges that this release affirmatively reported e-commerce revenues for the quarter as $5.4 million. Plaintiffs' Amended Consolidated Class Action Complaint (Complaint) [Doc. No. 44–1] at ¶ 31. The plaintiffs allege that two million dollars included in the fourth quarter revenue totals should not have been included. Complaint at ¶ 35. The allegations of the complaint are that the origin of this "revenue" stems from a "sale" that was not. Complaint at ¶ 35. The plaintiffs allege that the defendants knew that there had been no sale and that considering the two million dollars as revenue violated both internal accounting policies and Generally Accepted Accounting Principles (GAAP).[2]

---

1. For "forward-looking statements," as that term is described in 15 U.S.C. § 78u–5(i)(1), the requisite mental state is actual knowledge. *See Theoharous v. Fong*, 256 F.3d 1219, 1225 (11th Cir.2001).

2. The court does not hold that alleging a violation of GAAP is sufficient to state a claim for securities fraud. A defendant who does not follow GAAP has not committed fraud based solely on that decision. *See generally Shalala v. Guernsey Mem. Hosp.*, 514 U.S. 87,

Complaint at ¶¶ 35, 82–89. The plaintiffs allege that the financial calculations in the press release are false because they include the two million dollars as revenue.[3]

## 2. Meeting the Burden

■ The plaintiffs base their allegations regarding the two million dollars on information obtained from a "former employee of Clarus." Complaint at ¶ 35. Pursuant to the PSLRA, allegations made on information and belief must be stated with particularity as to all facts upon which the belief is formed. 15 U.S.C. § 78u–4(b)(1). This requirement requires more than mere assertions regarding sources whose identity is not revealed in the complaint.

A plaintiff at this stage of the litigation, however, need not provide the names of either corporate whistle-blowers, customers of the defendant, or even outside consultants who provided factual support for the allegations, provided that there are other facts that provide an adequate basis for believing that the defendant's statements were false. If there are no other sources of information, it is enough that the plaintiff cite human sources without providing their names, provided that enough information is given to assure the court that the plaintiff is not seeking to use discovery

merely as a fishing expedition in hope that something will turn up.

*In re Theragenics,* 105 F.Supp.2d at 1355.

Here, though sparse, the allegations concerning the former employee are sufficient. The plaintiffs have identified the former employee as one who was personally familiar with the transaction in question. Complaint at ¶ 35. Further the employee has provided information regarding the transaction which the plaintiffs have incorporated into the complaint. For example, the complaint includes a rough outline of the terms of the transaction. Complaint at ¶ 35. The transaction allegedly required Clarus to provide a customized software application to a customer. The transaction was contingent on Clarus' ability to provide the application in a usable form and upon the customer's ability to obtain sufficient venture capital funding. Complaint at ¶ 35. Based on these allegations, the court accepts these pleadings as sufficient for pleading upon information and belief.[4]

■ The court finds that statements related to approximately 37% of quarterly e-commerce revenue[5] are material statements. If, in fact, the transaction should not have been considered a sale and revenue should not have been recognized, this proportion of the quarterly sales figures could substantially affect an investors decision to buy or sell. In short, because the plaintiffs, at this stage, are entitled to the presumption that the transaction was not a

---

115 S.Ct. 1232, 131 L.Ed.2d 106 (1995); *Greebel v. FTP Software, Inc.,* 194 F.3d 185 (1st Cir.1999); *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015 (5th Cir.1996).

**3.** There are a number of financial calculations and figures linked to the recognition of sales revenue by a company including profits (or losses), percent increase (or decrease) in sales, current assets, and others.

**4.** The court notes that these allegations are contained in signed pleadings and therefore

required a Rule 11 inquiry on the part of plaintiffs' counsel. The court has been presented with no cause to doubt that such inquiry was conducted with the requisite care.

**5.** The court approximated 2/5.4 to reach this figure. The court notes that the 5.4 million dollar figure is referred to as "e-commerce revenue" for the fourth quarter in the complaint. Complaint at ¶ 31. A different number, 4.8 million dollars, is referred to as total fourth quarter "revenue." Complaint at ¶ 35.

sale and should not have been considered revenue, the statements were certainly material when they are considered as a part of the fourth quarter financial figures as presented in the press release.

■ The plaintiffs have sufficiently pled reliance and proximate causation. The remaining question, therefore, is whether the plaintiffs have properly pled scienter. The court finds that they have.

■ In order to plead a violation, the plaintiffs must allege facts that, if proven, would create "a strong inference that the defendants acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). Scienter can be described as severe recklessness and, therefore, shares the definition of severe recklessness.

> Severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even excusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.

*McDonald v. Alan Bush*, 863 F.2d at 814 (quoting *Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 961 (5th Cir.1981) (*en banc*)); *and see Avado Brands*, 187 F.3d at 1283. Actual knowledge, of course, would also suffice. Having carefully reviewed the complaint, the court finds that the plain-

tiffs have met their pleading burden as to scienter.

As corporate officers and insiders, the defendants must have been aware of the information contained in the press release summarizing Clarus' fourth quarter financial condition. Further, when one single transaction accounts for in excess of one-third of quarterly revenue, it would be an extreme departure from the standard of ordinary care for corporate officers and insiders charged with the control of corporate information not to be familiar with the nature and terms of the transaction. Moreover, the complaint alleges a transaction which should not have been treated as a sale and further alleges that doing so provided materially incorrect and misleading information to the market.[6] Therefore, if the allegations of the complaint are true, the defendants could be found to have been severely reckless as to the information contained in the press release summarizing the quarterly financial numbers. Accordingly, the complaint successfully states a claim for a violation of the act [7] and the defendants motion to dismiss is DENIED.

### C. *The Plaintiffs' Section 20(a) Claims*

The court DENIES the defendants motion to dismiss as to the plaintiffs Section 20(a) claims. As noted above, the defendants argument on this point is that there can be not Section 20(a) claim without a sufficient primary claim. Because the court finds a sufficiently pled Section 10(b)

---

6. It is the plaintiffs allegations concerning the deceptive nature of this misstatement that satisfy the plaintiffs' burden, not the mere allegation that GAAP were not followed. *See generally In re Ancor Comm., Inc.,* 22 F.Supp.2d 999, 1005(D.Minn.1998); *In re Ultrafem, Inc. Securities Litigation,* 91 F.Supp.2d 678, 703–04 (S.D.N.Y.2000); *and Malin v. Ivax Corp.,* 17 F.Supp.2d 1345, 1361 (S.D.Fla.1998).

7. By terminating the analysis here, the court passes no judgment on the arguments raised

as to the other statements articulated in the complaint. Rather, because the court find the complaint to have stated a claim, the motion to dismiss must be denied. Further analysis at this time, therefore, is unwarranted. Moreover, the court notes there would be considerable difficulty in sorting out the arguments as to the other statements when the parties are unable to agree on the attribution of statements referring to Clarus Fusion and Clarus Fusion Links.

claim to have been stated, the defendants' arguments are MOOT.

### III. *CONCLUSION*

For the foregoing reasons, the defendants' motion to dismiss [Doc. No. 48–1] is DENIED.