**HUSTLERS, INC., a Georgia corporation, Plaintiff,**

v.

**Hugh THOMASSON, individually and as an officer of Justice Writers Publishing, Inc., a Florida corporation, et al., Defendants.**

No. NO. 1:01–CV–3026–TWT.

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 7, 2002.

Terry Dale Jackson, Office of Terry D. Jackson, Atlanta, GA, Philip Michael Walden, Jr., Jones & Walden, Atlanta, GA, for Plaintiff.

Marva Jones Brooks, Stephen Melvin Dorvee, Jack K. Holland, Kristin Rigby Connor, Kathryn Eileen Swint, Arnall Golden & Gregory, Atlanta, GA, for Defendant.

## ORDER

THRASH, District Judge.

This is an action for alleged copyright violations under the Copyright Act (17 U.S.C. § 101 *et. seq.*), misrepresentations in violation of the Lanham Act (15 U.S.C. § 1125(a)), and various state law claims. The case is before the Court on Defendant Sanctuary Record Group Inc.'s Motion for Summary Judgment, Motion for Partial

Summary Judgment, and Motion to Dismiss. [Doc. 19.] For the reasons set forth below, Defendant's motions are granted in part and denied in part.

## I. BACKGROUND

In the light most favorable to Plaintiff, the facts are as follows. Plaintiff Hustler's Inc. is a Georgia corporation engaged in the music industry as a music publisher. Plaintiff acquires and licenses copyrights on musical compositions. Defendant Hugh Thomasson is a resident of Florida, a song writer and a recording artist. Defendant Justice Writers Publishing, Inc. is a Florida corporation engaged in the music industry as a music publisher. Defendant Copyright Management Inc. is a Tennessee corporation. Defendant CMC International Records Inc., a North Carolina corporation, merged with Defendant Sanctuary Records Group, a New York corporation, to form Sanctuary Records Group Inc., ("Sanctuary") a North Carolina corporation. Sanctuary obtains licenses for musical compositions and distributes the compositions for profit. In common parlance, it is a record company. Defendant Sanctuary Group, P.L.C. is a limited liability company of the United Kingdom. Sanctuary Group P.L.C. is the parent company of Defendant Sanctuary. The motion now before the Court was filed by the Sanctuary Defendants.

In June of 1993, Defendant Thomasson entered into an agreement with Plaintiff. In that agreement, Thomasson agreed to assign to Plaintiff all of his copyright interests in works he authored or co-authored through June of 1999. Prior to 1999, Sanctuary entered into license agreements with Plaintiff and agreed to pay Plaintiff a royalty for the right to distribute some of the compositions Defendant Thomasson co-authored. In March of 1999, Defendant Thomasson notified Sanctuary that his relationship with Plaintiff had come to an end, and that Sanctuary should begin forwarding all royalty payments to Defendant Justice Writers instead of to Plaintiff.

After receiving Thomasson's March 1999 letter, Sanctuary began sending Defendant Justice Writers the royalty payments it had previously paid to Plaintiff. These payments represented the royalties on the compositions which are at issue in this suit. All of the litigated compositions were first published between April of 1997 and August of 1999. (Defense Ex. A1–A17.) Though Plaintiff owned its copyright interests as soon as they were assigned by Defendant Thomasson, Plaintiff did not register its interests until April 19, 2001. (*Id.*)

All of the compositions at issue in this suit were authored by Defendant Thomasson with co-authors. (Defense Ex. A1–A17.) As a result, more than one person originally owned the copyright in each work, and the current ownership of the copyrights is split among Plaintiff (or Thomasson) and other entities in the music publishing business. (*Id.*) After stopping royalty payments to Plaintiff, Sanctuary continued to distribute the compositions at issue in this litigation. In addition to its license from Plaintiff, Sanctuary had a license authorizing the distribution of each composition from at least one of the co-owners of each of the copyrights. (Defense Ex. B.)

## II. STANDARDS

### A. Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

*v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is material if it "might affect the outcome of the suit under the governing law." *Id.* The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 158–159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 257, 106 S.Ct. 2505.

### B. Motion to Dismiss for Failure to State a Claim

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); *see Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero,* 963 F.2d 332 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994–95 (11th Cir.1983). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Id.*

### III. DISCUSSION

Plaintiff asserts that Sanctuary knew that Plaintiff was the owner of copyright interests in the compositions at issue in this litigation, and that Sanctuary wrongfully terminated royalty payments on those compositions, sending them to Defendant Justice Writers instead. Plaintiff asserts that these actions by Sanctuary violate the Copyright Act and the Lanham Act; and that they amount to breach of contract, breach of fiduciary duty, and fraud. Sanctuary argues that it did not violate the Copyright Act because it had a license for the distribution of each of the compositions, that there is no actionable misrepresentation for a Lanham Act violation, and that Plaintiff's state law claims are barred by the preemption of the Copyright Act. For the purpose of this Order, each of these topics is discussed separately below.

### A. Copyright Act

■ Sanctuary's distribution of the Thomasson compositions does not violate the Copyright Act, 17 U.S.C. § 101 *et. seq.,* because Sanctuary has a license to distribute the compositions from co-owners of the copyrights. It is well established that a license from a co-owner of the copyright is a defense to copyright infringement brought by another one of the co-owners. *Batiste v. Island Records,* 179 F.3d 217, 224 (5th Cir.1999) ("an authorization to the defendant from one joint owner will be an effective defense to an infringement action brought by another joint owner"); *McKay v. Columbia Broadcasting System Inc.,* 324 F.2d 762, 763 (2nd Cir.1963) ("a license from a co-holder of a copyright immunizes a licensee from liability to the co-holder for copyright infringement"). As Sanctuary had a license from at least one co-owner for each composition it distributed, Sanctuary did not violate Plaintiff's copyright by its distribution of the Thomasson compositions.

■ Plaintiff contends that the co-owner license defense is only available in limited circumstances. Plaintiff contends that to use this defense, Sanctuary must pay 100% of the copyright royalty to the other owners of the copyright, and that the refusal to pay Plaintiff must be in good faith. However, the only issue in the co-owner licensee defense cases is whether there was a license from a co-owner of the copyright; if there is such a license, there is no copyright infringement. *Batiste v. Island Records Inc.*, 179 F.3d at 224; *McKay v. Columbia Broadcasting System Inc.*, 324 F.2d at 763. Furthermore, in suits between copyright co-owners, the genesis of the co-owner licensee defense, courts have found defendants *incapable* of copyright infringement. *Cortner v. Israel*, 732 F.2d 267, 271 (2nd Cir.1984); *see also Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir.1984) (holding a copyright co-owner cannot be liable to a co-owner for copyright infringement.). The simplicity of this defense is due to the availability of an alternate and more direct remedy for a Plaintiff who has a royalty claim—an accounting from the entity that wrongfully received a portion of the fee. *Oddo v. Ries*, 743 F.2d at 633. There is simply no support in the caselaw for the gloss on the defense that Plaintiff proposes. Since Sanctuary had a license from a co-owner of Plaintiff's copyrights, there is no copyright violation in its distribution of the Thomasson compositions.

■■ Even though there is no copyright violation in Sanctuary's distribution of the Thomasson compositions, Sanctuary may still be liable to Plaintiff as a contributory infringer of the copyrights. Unlike the direct infringement claim discussed above, contributory infringement involves a defendant "who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir.1987). If Plaintiff can show Sanctuary "knew or had reason to know" it was contributing to the infringement of Plaintiff's copyright by another, then Plaintiff may recover. *Id.* Sanctuary contends that Plaintiff's contributory infringement theory of copyright violation should be dismissed because Plaintiff failed to give notice of this claim in its Complaint. This Court agrees. All that Plaintiff has to do is give Sanctuary fair notice of the plaintiff's claim and the grounds upon which it rests. *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985). Plaintiff contends that it satisfied the notice pleading standard when, in paragraph 13 of the Complaint, Plaintiff alleged "Defendant Thomasson and this corporation, Justice Writers, acting in concert with the other named Defendants in this lawsuit, violated Plaintiff's copyrights and attempted to transfer the copyrights of Hustlers to Thomasson and to the Defendants under separate contractual agreements." This may have put Thomasson and Justice Writers on notice of a claim of contributory infringement, but it was not notice to Sanctuary of such a claim. Furthermore, Plaintiff's response to this motion fails to show any circumstances that would authorize a claim of contributory infringement; the only act of infringement alleged is the distribution by Sanctuary of the compositions involved here. Sanctuary cannot be liable for contributing to its own infringement. Therefore, the Defendant Sanctuary would be entitled to summary judgment on any claim of contributory infringement.

### B. Attorney Fees and Statutory Damages

■ Plaintiff is not entitled to an award of attorney fees and statutory damages because it has no meritorious copyright claim against Sanctuary. Even if it did, Plaintiff cannot recover attorney fees and statutory damages under the Copyright Act because Plaintiff did not register its

copyright interests in a timely manner. The Copyright Act makes a copyright infringer liable for certain statutory damages and attorney fees. 17 U.S.C. §§ 504, 505. However, to receive statutory damages and attorney fees under the Copyright Act, a plaintiff must register its copyright interest before or within three months after the first publication of copyrighted material. 17 U.S.C. § 412. In this case, all of the compositions at issue were first published between April of 1997 and August of 1999, but Plaintiff did not register its copyright interest until April of 2001. Plaintiff's registration was well after the timely registration period of three months after first publication. As Plaintiff failed to comply with the Copyright Act's registration requirements, Plaintiff cannot recover attorney fees and statutory damages.

Plaintiff contends that it can rely on the registration of a co-owner's copyright in the litigated compositions instead of registering its own interest. As Plaintiff reads section 412 of the Copyright Act, so long as a copyright in each composition is registered, Plaintiff does not have to register its own interests to recover statutory damages and attorney fees. To support this interpretation, Plaintiff cites a case where the assignee of a copyright interest did not have to register the copyright so long as his assignor properly registered. *Brode v. Tax Management Inc.*, 14 U.S.P.Q.2d 1195, 1200–1201 (N.D.Ill. 1990). Plaintiff's reasoning is not persuasive. The status of a copyright co-owner is distinguishable from the assignor-assignee relationship. An assignee has no reason to re-register after taking an assignment of a registered copyright interest, because that interest has already been registered. The transfer of ownership of a registered copyright interest does not trigger the need to re-register the copyright. However, as between two co-owners, there is no transfer of a registered interest.

Rather, each co-owner holds a different copyright interest. Registering one of these interests does not register the different interests of all co-owners in the copyright. The registration requirement of the Copyright Act was designed to encourage copyright holders to register their copyrights. *Brode v. Tax Management Inc.*, 14 U.S.P.Q.2d at 1200; *see also* H.R.Rep. No. 94–1476, 158 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5774. While the holders of an assigned interest can rely on a previous registration of that interest, a co-owner of a copyright cannot rely on the registration of a different interest to comply with the Copyright Act. Accordingly, since Plaintiff did not timely register its copyright interests, Plaintiff is not entitled to statutory damages or attorney fees.

## C. Lanham Act

Defendant Sanctuary is not entitled to summary judgment on Plaintiff's Lanham Act, 15 U.S.C. § 1125(a), claim. There is a genuine issue of material fact as to whether consumers may be confused, deceived or misled by Sanctuary's allegedly incomplete listing of the copyright interests in the compositions it distributed. Plaintiff's Complaint alleges in paragraph 30 that "Defendants continue to misrepresent, promote and distribute the copyrighted works as if Plaintiff has no legal ownership in the works." Plaintiffs go on to contend in paragraph 36 of the Complaint that Sanctuary misrepresented the "ownership of the copyrights," and gave "false designation" of the origin of the copyrighted works. In its Response Brief, Plaintiff expands on this matter, contending that Sanctuary failed to attribute copyright ownership to Plaintiff while identifying all the other owners of copyrights in the litigated compositions. An omission can serve as a misrepresentation for purposes of the Lanham Act. *See Lamothe v. Atlantic Recording Corp.*, 847 F.2d 1403, 1407

(9th Cir.1988) (finding misrepresentation where listing of origin was incomplete). As to whether there is a likelihood of confusion on the part of consumers, to this point there is no evidence on this matter. Though Sanctuary expresses doubt as to whether Plaintiff can show a likelihood of confusion, expressing doubt is not sufficient to show there is no genuine issue of material fact. *Celotex Corp. v, Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, Sanctuary's Motion to Dismiss and Motion for Summary Judgment on the Lanham Act claims are denied.

### C. State Law Causes of Action [1]

Plaintiff asserts various state law causes of action against Sanctuary for using the compositions without paying Plaintiff a royalty. Initially, Sanctuary asserts that all of Plaintiff's state law causes of action are preempted by the Copyright Act. Sanctuary then goes on to assert other defenses to some of the individual causes of action. Preemption and the other defenses are discussed separately below.

#### 1. Preemption

Defendants are not entitled to summary judgment on Plaintiff's state law causes of action because the Copyright Act does not preempt the causes of action Plaintiff asserts. The Copyright Act preempts those state law rights which are equivalent to the rights in section 106 of the Copyright Act. 17 U.S.C. § 301. The Eleventh Circuit has adopted a two prong test for determining whether the Copyright Act preempts a state law cause of action. *Crow v. Wainwright,* 720 F.2d 1224 (11th Cir.1983). If both of the prongs are met, then the state law cause of action is

preempted. The first prong requires the Court to determine whether the rights at issue fall within the subject matter of copyright as set forth in sections 102 and 103 of the Copyright Act. *Id.* at 1225–1226. In this case, the rights at issue in the litigated compositions do fall within the subject matter of the copyright, as section 102(a)(7) provides copyright protection for "sound recordings." 17 U.S.C. § 102(a)(7). Thus, the first prong of the preemption test is met.

■ The second prong of the preemption test articulated in *Crow* requires the Court to determine whether the rights at issue are equivalent to the exclusive rights conferred by section 106 of the Copyright Act. *Crow,* 720 F.2d at 1226. The exclusive rights of section 106 apply to reproduction, preparation of derivative works, distribution, performance, and display of copyrighted material. 17 U.S.C. § 106. If the rights at issue in the state law claims are the equivalent of those section 106 rights, then the state law claim is preempted. In *Donald Frederick Evans and Assoc. Inc. v. Continental Homes, Inc.,* 785 F.2d 897 (11th Cir.1986), the Eleventh Circuit expanded on this analysis of whether state law claims are the equivalent of the exclusive rights of section 106. The court, upholding a district court finding of no preemption, stated:

> If under state law the act of reproduction, performance, distribution or display, no matter whether the law includes all such acts or only some, will *in itself* infringe the state created right, then such right is preempted. But if other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, in or-

---

1. Plaintiff asserts in paragraph 31 of its Complaint that New York state law applies to the relations between Plaintiff and the Defendants of this lawsuit. Since Sanctuary does not challenge this assertion, this Court assumes, without deciding, that New York law is the proper standard for assessing the state law claims in this case.

der to constitute a state created cause of action, then the right does not lie 'within the general scope of copyright,' and there is no preemption.

*Id.* at 914 (emphasis in original) (*quoting Nimmer on Copyright* § 1.01[B] ); *see also Bateman v. Mnemonics Inc.*, 79 F.3d 1532, 1549 (11th Cir.1996) (extra elements which qualitatively alter the nature of the claim avoid preemption). Applying this test to the instant case, this Court concludes Plaintiff's state law claims are not preempted because a violation of the exclusive rights of section 106 will not in itself give rise to Plaintiff's state law causes of action.

■ As a general rule, breach of contract claims are not preempted by the Copyright Act. For Plaintiff's contract claim, a violation of the exclusive rights of section 106 does not give rise to a cause of action. In addition to violation of those rights, Plaintiff must prove formation of a contract, performance by Plaintiff, failure to perform by Defendant and damages. *Ledain v. Town of Ontario*, 192 Misc.2d 247, 746 N.Y.S.2d 760, 763 (N.Y.Sup.Ct. 2002). As a violation of the exclusive rights of section 106 does not constitute breach of contract in itself, Plaintiff's contract claims are not preempted. *See Howard v. Sterchi*, 725 F.Supp. 1572, 1579 (N.D.Ga.1989); *Asunto v. Shoup*, 132 F.Supp.2d 445, 452 (E.D.La.2000); *see also Nimmer on Copyright*, § 1.01[B][1][a].

For Plaintiff's unjust enrichment claim, a violation of the exclusive rights of section 106 does not give rise to a cause of action. In addition to violation of those rights, Plaintiff must prove that a performance was rendered to Sanctuary and that this performance, if Sanctuary does not compensate Plaintiff, will result in unjust enrichment. *Metropolitan Elec. Mfg. Co. v. Herbert Const. Co. Inc.*, 183 A.D.2d 758, 583 N.Y.S.2d 497, 498 (1992). As mere violation of the exclusive rights of section 106 does not constitute unjust enrichment alone, Plaintiff's claim is not preempted. *Schuchart and Associates, Prof'l Eng'rs Inc. v. Solo Serve Corp.*, 540 F.Supp. 928, 945 (D.C.Tex.1982).

■ For Plaintiff's breach of fiduciary duty claim, a violation of the exclusive rights of section 106 does not give rise to a cause of action. In addition to violation of those rights, Plaintiff must prove the existence of a relationship of trust and repose between Plaintiff and Sanctuary, and that Sanctuary's actions violated this relationship of trust. *Penato v. George*, 52 A.D.2d 939, 383 N.Y.S.2d 900, 904 (1976). As violation of the exclusive rights of section 106 does not constitute a breach of fiduciary duty alone, Plaintiff's fiduciary duty claims are not preempted. *See Asunto v. Shoup*, 132 F.Supp.2d at 452.

■ For Plaintiff's fraud claim, a violation of the exclusive rights of section 106 does not give rise to a cause of action. In addition to violation of those rights, Plaintiff must prove "representation of a material existing fact, falsity, scienter, deception and injury." *Chrils v. Nassau County Civil Service Com'n*, 277 A.D.2d 226, 716 N.Y.S.2d 585, 586 (2000). As the violation of section 106 rights does not in itself constitute a state law cause of action for fraud, Plaintiff's fraud claim is not preempted. *Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir.1989).

■ For Plaintiff's promissory estoppel claim a violation of the exclusive rights of section 106 does not give rise to a cause of action. In addition to violation of those rights, Plaintiff must prove a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on the promise. As the violation of section 106 rights does not in itself constitute a state law cause of action

for promissory estoppel, Plaintiff's promissory estoppel claim is not preempted. *Butler v. Continental Airlines Inc.,* (S.D.Tx.2001) 2001 U.S. Dist. Lexis 20295, 10.

### 2. Plaintiff's Contract Claim

 Sanctuary claims that even if Plaintiff's contract claim is not preempted by the Copyright Act, the claim is subject to dismissal for failure to satisfy the pleading requirements for a contract cause of action under New York law. New York law, however, is not the appropriate standard for evaluating the pleadings in this case. *Caster v. Hennessey,* 781 F.2d 1569, 1570 (11th Cir.1986) (holding "under *Hanna* a federal court need not adhere to a state's strict pleading requirements but should instead follow Fed.R.Civ.P. 8(a)"). Evaluated in light of the notice pleading standard of Federal Rule of Civil Procedure 8(a), Plaintiff's Complaint gives Sanctuary sufficient notice of the nature of Plaintiff's contract claims, and the grounds on which they rest. Sanctuary's Motion to Dismiss Plaintiff's contract claims is denied.

### 3. Plaintiff's Fiduciary Duty Claim

 Plaintiff's fiduciary duty claims, though not preempted, are subject to dismissal for failure to state a claim on which relief can be granted. Plaintiff's Complaint contends that Sanctuary had a duty to transfer to Plaintiff all funds due to Plaintiff as a result of their royalty agreement. Plaintiff contends that this duty establishes a fiduciary relationship between Plaintiff and Sanctuary. Plaintiff is incorrect. Plaintiff's Complaint alleges no more than a contractual duty on Sanctuary to account to Plaintiff for amounts due under their agreement. Under New York law, there is no fiduciary duty between two sophisticated parties, such as Sanctuary and Plaintiff, which enter into an arms length negotiated contract. *See,*

*V. Ponte and Sons Inc. v. American Fibers Intern.,* 222 A.D.2d 271, 635 N.Y.S.2d 193, 194 (1995). Thus, Plaintiff's fiduciary duty claims against Sanctuary are dismissed.

### IV. CONCLUSION

For the reasons set forth above, Sanctuary's Motion for Summary Judgment, Motion for Partial Summary Judgment and Motion to Dismiss [Doc. 19] are GRANTED IN PART AND DENIED IN PART. The Motion for Summary Judgment is granted as to Plaintiff's copyright claims against Sanctuary. The Motion to Dismiss is granted as to the breach of fiduciary duty claim against Sanctuary. Otherwise, the motions are denied.

### ORDER

This is a copyright infringement action. It is before the Court on the Plaintiff's Motion for Reconsideration [Doc. 52] and Motion to Certify Order for Interlocutory Appeal [Doc. 53]. In the Order [Doc. 51] of November 7, 2002, the Court granted the Motion for Summary Judgment of the Sanctuary Defendants as to the Plaintiff's copyright claims. This rendered as moot the Plaintiff's claims for attorney's fees and statutory damages pursuant to 17 U.S.C. §§ 412, 504 and 505. The Court vacates that portion of the Order dealing with attorneys fee's and statutory damages. Otherwise, the Motion for Reconsideration is denied. Therefore, the Motion for Reconsideration [Doc. 52] is GRANTED IN PART AND DENIED IN PART. The Court is not persuaded that an interlocutory appeal would materially advance the ultimate termination of this litigation. Therefore, the Motion to Certify Order for Interlocutory Appeal [Doc. 53] is DENIED.